**UNITED STATES of America**

v.

**Natalie HENLON, Appellant.**

**No. 08–2773.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 17, 2009.

Filed Nov. 18, 2009.

728

Norman Gross, Esq., Glenn J. Moramarco, Esq., Office of United States Attorney, Camden, NJ, George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

David E. Schafer, Esq., Office of Federal Public Defender, Trenton, NJ, for Appellant.

Before: RENDELL, BARRY and CHAGARES, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Natalie Henlon was convicted by a jury of (1) conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 and (2) possessing with intent to distribute 100 grams of a mixture containing heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. The District Court sentenced Henlon to 46 months, notwithstanding the guideline range of 51 to 63 months. On appeal, Henlon argues that the District Court erred in its jury instructions, refusal to give the jury a special interrogatory, and guideline calculation because Henlon believed the controlled substance at issue in the offense was marijuana, when it was actually heroin.

On February 23, 2006, Postal Inspector John Roethel discovered that a package addressed to "F. Turner" at 25 New Rose Street, Trenton, N.J., ("25 New Rose") contained heroin. 25 New Rose was Henlon's home address. Roethel set up a controlled delivery of the package and a prosecutor obtained an anticipatory search warrant for 25 New Rose. On February 24, 2006, a detective set up surveillance of 25

New Rose while Roethel, dressed in an undercover capacity as a letter carrier, delivered the package to that address. Around 11:00 a.m., Henlon's co-defendants Debrie Coates and James Tucker parked in front of 25 New Rose for about eleven minutes. At one point, Coates knocked on the front door, but no one answered. Coates and Tucker left, but drove by the residence again at 11:48 a.m. and 11:55 a.m. Around noon, Roethel arrived and knocked on the door. Co-defendant Anique Johnson answered, initially refused the package, and then accepted it. As soon as Roethel's postal truck began to drive away, Coates and Tucker pulled up next to Roethel and asked him if he had a package for 25 New Rose. Roethel told them that he had just delivered a package to that address. Henlon arrived at 25 New Rose around 12:10 p.m., just before authorities executed the search warrant. Coates and Tucker returned to Henlon's residence after the execution of the warrant and were detained. Officers searched Henlon's home and found the package of heroin, marijuana, and a digital scale. The package contained 606.4 grams of heroin. Coates and Tucker both entered into plea agreements with the government and stated that they believed that the package contained marijuana. Henlon gave two statements to police; after numerous denials, she stated that she thought the package contained "weed."

■ Henlon argues that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the District Court was required to instruct the jury that it could convict Henlon of the offense charged only by finding that she knew the substance she trafficked was heroin as opposed to marijuana.[1] We apply an abuse of discretion standard to determine if the District Court erred in refusing to give a

requested jury instruction and exercise plenary review to determine if the jury instructions stated the proper legal standard. *United States v. Jimenez*, 513 F.3d 62, 74 (3d Cir.2008).

In *United States v. Barbosa*, the defendant ("Barbosa") believed that he was distributing heroin when he was actually distributing cocaine base. 271 F.3d 438 (3d Cir.2001). In that case, we specifically considered whether or not "Barbosa's lack of intent to traffic in cocaine base, brought about because of his mistake of fact concerning drug identity, would be yet another fact that the jury was bound to find under the teachings of *Apprendi*." *Id.* at 457. We noted that the drug trafficking statutes require specific knowledge or intent only as to a general category of unlawful substances and that *Apprendi* did not change the Government's *mens rea* burden. *Id.* at 458. We stated, "[t]hus, we leave undisturbed our jurisprudence with respect to the *mens rea* requirement, which only requires the Government to prove the defendant's knowledge that he was trafficking in a controlled substance." *Id.* at 459. Thus, we have clearly held that, post-*Apprendi*, a defendant may be punished for the drug he actually possessed even if he intended to possess another. *Id.*

Henlon submits that *Barbosa* should be re-evaluated because the Third Circuit expressed pre-*Apprendi* logic in *Barbosa* (a post-*Apprendi* case). Henlon bases this assertion, in large part, on the following quote from *Barbosa*:

Accordingly, we now formally adopt the uniform and persuasive reasoning of pre-*Apprendi* federal appellate authority, which held essentially that a defendant who is in actual possession of a particular controlled substance, while intending to distribute another, may be

---

1. Henlon concedes that there was no question about either the identity or the weight of the drugs involved in this case. Appellant's Br. 19.

punished for the drug with which he is found to be in possession.

271 F.3d at 459.

In *Barbosa* we adopted the pre-*Apprendi* authority because we found, after extensive analysis, that *Apprendi* did not change the law regarding this particular issue. Therefore, the District Court did not err by refusing to charge the jury that it had to determine what particular type of controlled substance Henlon intended to possess.

Henlon also asks this Court to vacate her sentence and remand her case for resentencing because the District Court failed to give the jury a special verdict sheet to determine the particular controlled substance that Henlon believed was in the package, to enable the court to apply the proper sentencing guideline. As explained above, Henlon may be convicted of and punished for possessing and intending to distribute heroin, even if she believed that the controlled substance at issue was marijuana. Therefore, the District Court did not err by refusing to submit a special interrogatory to the jury regarding the particular controlled substance Henlon believed was in the package.

We review the District Court's sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). A sentencing court is required to 1) calculate the guidelines sentence; 2) rule on any departure motions; and 3) consider any relevant 18 U.S.C. § 3553(a) factors. *United States v. Ali,* 508 F.3d 136, 142 (3d Cir.2007). Henlon contends that it was unreasonable for the District Court to apply the heroin sentencing guideline rather than the marijuana guideline. Henlon states that the District Court acted unreasonably in failing to consider whether or not the marijuana guideline was more applicable under 18

U.S.C. § 3553. The Government correctly points out that although Henlon continually uses the term "reasonable," her objection is actually to the first step of the District Court's sentencing process: electing to apply the heroin guideline as opposed to the marijuana guideline. The *Barbosa* court determined that Barbosa "should be sentenced based upon cocaine base—the drug he actually transported ..." 271 F.3d at 461. As discussed above, the District Court did not commit an error of law by punishing Henlon for possessing and intending to distribute heroin though she believed the package contained marijuana. The District Court applied the correct guideline, reduced the offense level due to Henlon's minor role in the offense and her safety valve eligibility, and granted Henlon a downward variance from the resulting guideline range. Therefore, Henlon's sentence was not unreasonable.

For the reasons set forth above, we will AFFIRM the judgment of the District Court.